```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
_____
                                    :
BENITO DEL ROSARIO,                 :
                                    :
         Petitioner,                :   Civ. No. 19-19019 (NLH)
                                    :
    v.                              :   OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
         Respondent.                :
_____ :
```

APPEARANCES:

Benito Del Rosario
65645-054
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

     Petitioner Pro se

HILLMAN, District Judge

     Petitioner Benito Del Rosario, a prisoner presently confined at FCI Fort Dix, New Jersey, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the sentence imposed by the United States District Court for the Southern District of New York, United States v. Del Rosario, No. 12-CR-81 (S.D.N.Y. Oct. 1, 2012).  ECF No. 1.  He argues his sentence is invalid because his prior New York state offense no longer qualifies as a felony drug conviction under the sentencing guidelines.  Id.

For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I.  BACKGROUND

"Del Rosario was convicted at a jury trial on June 25, 2012, of the sole charge in his indictment, conspiracy to distribute and to possess with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846." Rosario v. United States, No. 12-CR-81, 2016 WL 393542, at *1 (S.D.N.Y. Feb. 1, 2016).  He was sentenced to 292 months' imprisonment, with a 10-year term of supervised release.  Rosario, No. 12-CR-81 (S.D.N.Y. Oct. 1, 2012) (ECF No. 78).[1]  The United States Court of Appeals for the Second Circuit affirmed the conviction and sentence.  United States v. Del Rosario, 561 F. App'x 68 (2d Cir.), cert. denied, 574 U.S. 883 (2014).

On September 10, 2015, Petitioner filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255.  Rosario, No. 12-CR-81 (S.D.N.Y. Sept. 10, 2015) (ECF No. 94).  The district court denied the motion, Rosario v. United States, No. 12-CR-81, 2016 WL 393542 (S.D.N.Y. Feb. 1, 2016), and the Second Circuit denied a certificate of

---

[1] The Court takes judicial notice of the public filings in Petitioner's criminal case.

2

appealability, Rosario v. United States, No. 16-581 (2d Cir. June 6, 2016).

Petitioner filed this petition under 28 U.S.C. § 2241 on October 16, 2019.  ECF No. 1.  He argues that his prior state conviction for third-degree attempted criminal possession of a controlled substance, N.Y. Penal Law § 220.16, no longer qualifies as a felony drug conviction due to a change in New York state law.

II.  DISCUSSION

    A.  Legal Standard

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).

    B.  Analysis

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the

3

validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).  A challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)).  "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

Petitioner asserts a change in New York state law means his prior state conviction is no longer eligible to enhance his federal sentence under U.S.S.G. § 4B1.2.  The Third Circuit has not addressed whether prisoners may challenge sentence enhancements using § 2241.  See Murray v. Warden Fairton FCI, 710 F. App'x 518, 520 (3d Cir. 2018) (per curiam) ("We have not held that innocence-of-the-sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions."); Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 702 (3d Cir. 2018) (citing United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015)).

So far, prisoners may use § 2241 to challenge their convictions only after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.'" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)).

Petitioner does not qualify to bring his petition in this Court pursuant to § 2241 because he does not argue that there was a Supreme Court decision that makes him innocent of his federal conviction; rather, he argues that his sentence is invalid. The Court therefore lacks jurisdiction over the § 2241 petition.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. As Petitioner has already filed a motion under § 2255, he may only file a second or successive motion with the permission of the Second Circuit. 28 U.S.C. §§

5

2244, 2255(h).  The Court finds that it is not in the interests of justice to transfer this habeas petition to the Second Circuit as it does not appear that he can meet the requirements of § 2255(h) for filing a second or successive § 2255 motion.  Nothing in this opinion, however, should be construed as prohibiting Petitioner from seeking the Second Circuit's permission to file on his own should he so choose.

III. CONCLUSION

    For the foregoing reasons, the petition is dismissed for lack of jurisdiction.   An appropriate order will be entered.


Dated: April 28, 2020           s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.