```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
_____
                                   :
BENITO DEL ROSARIO,                :
                                   :
          Petitioner,              :   Civ. No. 19-19019 (NLH)
                                   :
     v.                            :   OPINION
                                   :
UNITED STATES OF AMERICA,          :
                                   :
          Respondent.              :
_____:
```

APPEARANCES:

Benito Del Rosario
65645-054
Fort Dix Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Benito Del Rosario moves to alter or amend this Court's order that dismissed his petition for writ of habeas corpus under 28 U.S.C. § 2241 for lack of jurisdiction. ECF No. 4. Petitioner asserts the Court misunderstood his argument and applied "an erroneous legal standard to petitioner's claims by categorically barring him from relief solely because he was challenging the validity of his sentence and not his conviction." Id. at 3.

    For the reasons that follow, the Court denies the motion to alter or amend the judgment.

I.  BACKGROUND

"Del Rosario was convicted at a jury trial on June 25, 2012, of the sole charge in his indictment, conspiracy to distribute and to possess with intent to distribute one kilogram and more of heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846."  Rosario v. United States, No. 12-CR-81, 2016 WL 393542, at *1 (S.D.N.Y. Feb. 1, 2016).  He was sentenced to 292 months' imprisonment, with a 10-year term of supervised release.  United States v. Del Rosario, No. 12-CR-81 (S.D.N.Y. Oct. 1, 2012) (ECF No. 78).[1]  The United States Court of Appeals for the Second Circuit affirmed the conviction and sentence.  United States v. Del Rosario, 561 F. App'x 68 (2d Cir.), cert. denied, 574 U.S. 883 (2014).

On September 10, 2015, Petitioner filed a motion to correct, vacate, or set aside his federal sentence under 28 U.S.C. § 2255.  Rosario, No. 12-CR-81 (S.D.N.Y. Sept. 10, 2015) (ECF No. 94).  The district court denied the motion, Rosario v. United States, No. 12-CR-81, 2016 WL 393542 (S.D.N.Y. Feb. 1, 2016), and the Second Circuit denied a certificate of appealability, Rosario v. United States, No. 16-581 (2d Cir. June 6, 2016).

---

[1] The Court takes judicial notice of the public filings in Petitioner's criminal case.

Petitioner filed this petition under 28 U.S.C. § 2241 on October 16, 2019.  ECF No. 1.  The Court concluded it lacked jurisdiction over Petitioner's claim that third-degree attempted criminal possession of a controlled substance under N.Y. Penal Law § 220.16 no longer qualified as a felony drug conviction due to a change in New York state law.  "Petitioner does not qualify to bring his petition in this Court pursuant to § 2241 because he does not argue that there was a Supreme Court decision that makes him innocent of his federal conviction; rather, he argues that his sentence is invalid."  ECF No. 2 at 5.

Petitioner filed this motion to alter or amend the judgment, arguing that the Court misconstrued his claim to be a challenge to his sentencing enhancement when he actually challenged the application of 21 U.S.C. § 851.  ECF No. 4 at 3.  He also claims the Court erred in concluding that he did not argue that there was a Supreme Court decision nullifying his federal conviction.  Id.  He asserts the Court "erroneously determined that petitioner cannot utilize § 2241 to challenge the validity of his sentence."  Id.

II. DISCUSSION

    A. Legal Standard

Under Federal Rule of Civil Procedure 59, a court may alter or amend a judgment if the moving party can show "one of three grounds: (1) an intervening change in controlling law; (2) the

3

availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed. 1995)).

Altering or amending a judgment is an extraordinary remedy, and "[m]otions under Rule 59(e) should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Ruscavage v. Zuratt, 831 F. Supp. 417, 418 (E.D. Pa. 1993).

B. Analysis

Petitioner argues this Court made several errors requiring correction in order to avoid manifest injustice.

Petitioner first argues that the Court misconstrued his claim to be a challenge to his sentencing enhancement under the guidelines when he was actually challenging the application of 21 U.S.C. § 851.  ECF No. 4 at 3.  The Court did not misunderstand Petitioner's claim.  Petitioner argued 28 U.S.C. §

4

2255 was ineffective or inadequate to challenge his sentence because "New York state law has changed and it has been decided by case law that the predicate offense used to enhance Petitioner's sentence is NOT a felony drug conviction." ECF No. 1 at 4. He asserted that "both NYPL 220.16 and to NYPL § 220.31 and determined [sic] that neither could serve as predicate offenses as applied to USSG § 4B1.2, i.e. whether violation of attempt to possess a controlled substance qualifies as a prior conviction." ECF No. 1-1 at 2. In other words, Petitioner argued that a change in New York state law meant his prior New York state conviction did not qualify as a "felony drug conviction," and therefore could not be used to enhance his federal sentence. This is the claim the Court analyzed.

Petitioner's argument that he is challenging the application of 21 U.S.C. § 851 has no merit. Petitioner was not convicted of violating § 851. Section 851 sets forth the process by which the United States informs the Court and a defendant that it intends to seek an enhanced sentence based on the defendant's prior convictions. 21 U.S.C. § 851(a); see also ECF No. 1-1 at 5. The statute provides a method for challenging the validity of a prior conviction prior to sentencing and plainly states that "[a]ny challenge to a prior conviction, not raised by response to the information before an increased sentence is imposed in reliance thereon, shall be waived unless

5

good cause be shown for failure to make a timely challenge." 21 U.S.C. § 851(c)(2). Casting his challenge in terms of disputing the application of § 851 rather than the sentencing guidelines does not change the Court's decision because Petitioner is still contesting the applicability of an enhancement to his sentence.

Petitioner next asserts the Court erred in concluding that he did not rely on a new Supreme Court decision because he cited Mathis v. United States, 136 S. Ct. 2243 (2016). Petitioner misunderstands the Court's finding that he "does not qualify to bring his petition in this Court pursuant to § 2241 because he does not argue that there was a Supreme Court decision that makes him innocent of his federal conviction . . . ." ECF No. 2 at 5. In the Third Circuit, federal prisoners may bring challenges to their federal convictions and sentences under § 2241 if they can show they are "being detained for conduct that has subsequently been rendered non-criminal" by an intervening Supreme Court case. Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017). In other words, they are being detained for something that is no longer illegal. See In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Petitioner was convicted of violating 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), 846; it is still illegal to conspire to distribute and to possess with intent to distribute one kilogram and more of heroin. Petitioner's Mathis argument is an "innocence-of-

6

the-sentence" claim, i.e., his enhanced sentence is invalid because his state conviction no longer qualifies as a felony drug offense.  See ECF No. 1-1 at 2 (arguing that N.Y. Penal Law § 220.16 "has went under scrutiny as being an indivisible statute in violation of [Mathis], which provides using the categorical approach an indivisible cannot be used as a basis for an enhanced sentence pursuant to 21 USCS 841 or 846."). This is the kind of claim that the Third Circuit has not yet permitted to be filed under § 2241.[2]

Finally, Petitioner argues the Court erred when it concluded he could not file his petition under § 2241.  In Murray v. Warden Fairton FCI, the Third Circuit addressed a § 2241 petition in which the defendant argued "he is actually innocent of his enhanced sentence . . . under Mathis . . . because [it] support[s] the proposition that the Virginia statute under which he was convicted is no longer a 'felony drug offense.'"  710 F. App'x 518, 519-20 (3d Cir. 2018) (per curiam).  In rejecting the Mathis claim, the Court of Appeals noted it had "not held that innocence-of-the-sentence claims fall within the exception to the rule that habeas claims must be brought in § 2255 motions."  Id. at 520; see also Boatwright v.

---

[2] Petitioner's reliance on decisions by the Second Circuit is unavailing as this Court is bound by the decisions of the Third Circuit.

7

Warden Fairton FCI, 742 F. App'x 701, 702 (3d Cir. 2018) (citing United States v. Doe, 810 F.3d 132, 160-61 (3d Cir. 2015)). "The sentencing claim does not fall within the purview of the savings clause." Adderly v. Zickefoose, 459 F. App'x 73, 75 (3d Cir. 2012).

Petitioner also claims § 2241 is appropriate under Persaud v. United States, 571 U.S. 1172 (2014) because the enhancement affects his mandatory minimum. ECF No. 4 at 9. His assertion that "the Supreme Court's order in [Persaud], expands the availability of § 2241 beyond the limitations [the Third Circuit] identified in Dorsainvil, is unpersuasive." Spencer v. Warden Allenwood USP, 759 F. App'x 112, 115 (3d Cir. 2019) (per curiam). "The order in Persaud granted certiorari, vacated the appellate court's judgment, and remanded for consideration of the Solicitor General's litigation position regarding § 2241 as a means of collaterally attacking a federal sentence. There was no dispositive ruling with the power to bind." Id.

Petitioner ends his motion with a statement that the Court's failure to exercise jurisdiction under § 2241 would violate the Suspension Clause, which provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art I, § 9. "It is, of course, well established that requiring a federal prisoner to pursue

8

post-conviction relief in the trial court under § 2255, rather than in a habeas proceeding under § 2241, where that remedy is adequate and effective does not constitute a suspension of the writ." United States v. Brooks, 245 F.3d 291, 292 n.2 (3d Cir. 2001) (citing United States v. Anselmi, 207 F.2d 312, 314 (3d Cir. 1953)).³  "[T]he gatekeeping provisions that limit § 2255 motions do not violate the Suspension Clause." Rothwell v. Shartle, No. 14-7128, 2015 WL 759216, at *2 (D.N.J. Feb. 23, 2015) (citing cases).

The motion to alter or amend the judgment will is denied as Petitioner has not shown that dismissal will result in a manifest injustice.

III. CONCLUSION

For the foregoing reasons, the motion to alter or amend the judgment will be denied.  An appropriate order will be entered.



Dated: November 9, 2020              s/ Noel L. Hillman
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.

---

³ "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002)